**VILDA VERA MAYUGA**
Chairperson

**J. Christopher Meagher**
**LaMarr J. Jackson**
**Michael A. Arcuri**
Members



**STATE OF NEW YORK**
**INDUSTRIAL BOARD OF APPEALS**

**Devin A. Rice**
Counsel

**Jean Grumet**
Administrative Law Judge

State Office Campus
Building 12 – Room 116
Albany, New York 12240
Phone:  (518) 474-4785    Fax:  (518) 473-7533 (Not for service)

June 14, 2016

Kathleen Dix, Esq.
New York State Department of Labor
State Office Building Campus, Bldg. 12
Office of Counsel, Room 509
Albany, New York 12240

Re:   Matter of the Petition of Angel Moina and Maria J. Moina and Napoleon Moina and La Posada
Rest Inc., 3496 Broadway, NY, NY 10031 and 3473 Broadway, NY, NY 10031 *et al.*
Docket No. PR 10-069; US Bankruptcy Court Case No. 16-10253-smb

Dear Ms. Dix:

Today, the enclosed copy of a Discharge of Debtor(s) and Order of Final Decree was delivered to our office. The mailing was addressed to the Department of Labor, but had the Board's room number in the address.

We believe that this pertains to PR 10-069, and forward it to you for handling.

Sincerely,

Anne Hohenstein
Managing Attorney

enc.

cc. United  States Bankruptcy Court Southern District of New York
IBA NYC

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Angel L. Moina** | Social Security number or ITIN   xxx–xx–8548 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 | **Jennifer Janet Moina** | Social Security number or ITIN   xxx–xx–6144 |
| (Spouse, if filing) | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Southern District of New York**

Case number:   **16–10253–smb**

## Discharge of Debtor(s) and Order of Final Decree                                        12/15

A petition under title 11, United States Code was filed by or against the Debtor(s) on 2/1/16; an order for relief was entered under Chapter 7; no order denying a discharge has been granted.

It appearing that the Debtor(s) is entitled to a discharge and the estate of the above named Debtor(s) has been full administered.

### IT IS ORDERED:

- The Debtor(s) is granted a discharge under 11 U.S.C. § 727.

- Ian J. Gazes is discharged as the Trustee of the Debtors estate and the bond is cancelled.

- The chapter 7 case of the above–named Debtor(s) is closed.

6/8/16

By the court: <u>Stuart M. Bernstein</u>
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order grants a discharge to the person named above. It does not dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

For more information, see page 2 >

Discharge of Debtor(s) and Order of Final Decree              page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- ◆ debts that are domestic support obligations;

- ◆ debts for most student loans;

- ◆ debts for most taxes;

- ◆ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ◆ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ◆ some debts which the debtors did not properly list;

- ◆ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ◆ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

**Discharge of Debtor(s) and Order of Final Decree**          page 2

Victor J. Molina
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
U.S.A.

051877 51877 1 AB 0.396 12240 7 6 8060-1-52313

NYS DEPT OF LABOR
Averell Harriman State Office Campus
Building 12, Room 116
Albany, NY 12240-0001

# Electronic Bankruptcy Noticing

## Go Green!
Sign up for electronic notices. FREE!
Receive notices 24 X 7 and days faster
than through US Mail.
Try our new Email Link service.

To find out how, visit:
**http://EBN.uscourts.gov**